UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-23397

BARB RILEY,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, BARB RILEY ("Plaintiff"), individually, through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, sues Defendant CARNIVAL CORPORATION, ("Defendant") and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of the State of Colorado.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

5. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT:** This incident occurred on or about July 19, 2015.

8. **LOCATION OF INCIDENT and STATUS OF PLAINTIFF:** The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, the *Carnival Magic*, as she was she was walking in an interior promenade near a piano and a photography set up.

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

9. **DESCRIPTION OF THE INCIDENT.** On the date and time of the incident, Plaintiff was walking in a crowd of people in a narrow space between a piano and a photography set up when she suddenly noticed large pads on the grounds. She moved and twisted trying to avoid the pads but fell, landing on her knee and suffering great bodily injury. It turns out that there was liquid on the ground and the pads had been put out to collect it, but there were no warnings of the pads in the thick crow. The condition of the area was such that Defendant knew, or in the exercise of reasonable care should have known, that it represented a danger to persons near it in that Defendant's employees placed the pads on the ground to collect the liquid. Nonetheless, Defendant failed to eliminate the hazard(s), failed to properly maintain the area, failed to inspect the area, failed to warn of the hazard(s) and failed to properly train and supervise its crew such that such an incident like this could have been avoided.

**COUNT I**
**NEGLIGENCE**

10. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 9 as if set forth herein.

11. **DUTIES OWED BY THE DEFENDANT**.  The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers. This includes, but is not limited to, the duty to maintain its ship's in a reasonably safe condition for the use and enjoyment of its passengers, and the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

12. Defendant breached those duties and was negligent by:

    a. Failing to maintain or remedy the hazardous condition(s);

3

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

   b. Failing to otherwise warn passengers, including the Plaintiff, of the dangerous condition(s);

   c. Failing to inspect for and/or to observe the dangerous condition(s);

   d. Failing to implement a method of inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

   e. Utilizing improperly trained crew and/or allowing negligent training of its crew;

   f. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

   g. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence. Plaintiff will need access to the staircase for purposes of inspection, measuring and testing in order to complete this allegation more fully.

13. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

14. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions in that Defendant created them and allowed them to exist; (c) would have had knowledge of the dangerous conditions had the Defendant implemented a proper method of inspection; and/or (d) created the dangerous conditions by failing to provide warnings or failing to remedy the hazard.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either

4

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

permanent or continuing.  Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BARB RILEY, demands trial by jury on all issues so triable.

**Dated:** this 9th day of September,  2015.

        ARONFELD TRIAL LAWYERS
        Spencer Marc Aronfeld, Esq.
        Florida Bar Number: 905161
        Attorneys for Plaintiff
        3132 Ponce de Leon Boulevad
        Coral Gables, Florida 33134
        E:      Aronfeld@aronfeld.com
        P:      (305) 441.0440
        F:      (305) 441.0198

By:      *s/Spencer Marc Aronfeld*
        Florida Bar No.: 905161

5

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com